**Dorothy V. DURKIN–KENNEY**

v.

**STATE of Rhode Island.**

**No. 94–150 M.P.**

Supreme Court of Rhode Island.

Oct. 24, 1996.

Dorothy Durkin–Kenney, pro se.

William F. Buckley, Wakefield, Rita P. Scaccia.

**ORDER**

This matter came before a hearing panel of this Supreme Court for oral argument pursuant to the September 15, 1995 order of this Court directing both parties to appear and show cause why the issues raised in the petition should not be summarily decided.

On January 22, 1991, petitioner Dorothy V. Durkin–Kenney (petitioner) filed an original petition for Workers' Compensation alleging physical injuries sustained while employed for the State of Rhode Island (State) at the Institute of Mental Health (I.M.H.). Peti-

tioner, later on November 5, 1991, was permitted to amend her original petition to include a claim for compensation as the result of psychological injury claimed to have been incurred in the regular course of her state employment.

The case travel record, commencing with the denial of the petitioner's original petition benefit claim by the late Chief Judge Laferriere on April 26, 1991, and thereafter involving numerous hearings and motions before various of the Workers' Compensation Court Judges, appears to come as close to constituting a legal quagmire as one might ruefully imagine. Judge Gilroy finally on April 4, 1993, after hearing, made both a vigorous and commendable attempt to unravel the case's problems by rendering a decision in which he granted the petitioner workers' compensation benefits for the physical injuries alleged in her original petition but denied her claim for benefits due to any work related psychological or psychiatric injury. Judge Gilroy found that she had failed to sustain her burden of proof as to the psychic injury claim. The petitioner thereafter duly filed her appeal of Judge Gilroy's April 4, 1993 decision to the Workers' Compensation Appellate Division. Procedural confusion unfortunately once again returned to the case travel.

In accordance with Workers' Compensation Court Rule of Practice 4.5, a show cause order was entered assigning the appeal for hearing before an Appellate Division panel. Pursuant to that rule, a *show cause argument shall be conducted before an Appellate Division panel consisting of two (2) judges whose decision must be unanimous.* For reasons unknown to counsel who appeared before us and which are unexplained in the case record, three judges elected to sit as members of the show cause hearing panel. It has been represented to us that the panel consisted of Judges Rotondi, Healy and Morin. After the hearing, however, the panel's decision was signed by Judges Rotondi, Healy and Bertness. Petitioner in argument before us claims that only those judges who actually sat as panel hearing judges should

be permitted to pass upon and decide the matters presented to the panel. We agree. The State responds to that contention, however, by asserting that because two sitting panel judges did sign the panel's decision, that action satisfied Rule 4.5 and was not inconsistent with R.I.G.L. § 28–35–28 that reads in pertinent part as follows:

"(a) Any person aggrieved by the entry of a decree by a judge may appeal to the appellate division established pursuant to this section * * *. The chief judge shall appoint appellate panels of three (3) members of the court to hear any claim of appeal and the decision of the appellate panel shall be binding on the court. The three (3) members of the appellate panel shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence within ten (10) days of the expiration of the time within which the parties may file briefs and memoranda."

We disagree. When three judges elect, as here, to sit and hear an appeal, we believe only those judges who actually hear the case, whether as show cause panel judges or appellate panel judges, should be able to participate in the show cause or appellant panel's decision.[1]

The immediate problem we encounter in considering the petition before us, however, is in determining just who were the three judges that did actually participate in the petitioner's show cause panel hearing. Counsel for the State represented to us that she did not know if Judge Morin or Judge Bertness was the third sitting judge. The petitioner, on the other hand, claims that the third judge was Judge Morin. If the petitioner is correct, Judge Bertness should not have participated in and signed the decision. Unfortunately, the case record is of no assistance to us in resolving the factual dispute.

Accordingly, because of the apparent, and we might respectfully add, the inexcusable ability of the record and counsel to disclose to us who did or did not sit as the third judge

---

1. We find no provision in the Workers' Compensation Rules of Procedure comparable to Rule 63

found in both the Superior Court and Family Court rules of procedure.

on the petitioner's show cause hearing panel, we are unable to finally dispose of her petition for certiorari presently before us.

We remand this matter to the Workers' Compensation Court for that court to determine which judges served on the panel that heard the oral argument, and to inform this Court within thirty (30) days of its conclusion so that we may enter our order on the pending petition for certiorari. If the Workers' Compensation Court is unable to make that determination, then this case must be referred to another panel of either two or three judges forthwith to determine the instant appeal on its merits.

FLANDERS, J., did not participate.